UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHANNON PRICE, Individually and on Behalf of          :
All Others Similarly Situated and On Behalf of the
EATON VANCE PROFIT SHARING AND                        :
SAVINGS PLAN,
                                                      :
                        Plaintiff,                         Civil Action
                                                      :    No. 18-12098-WGY
        v.
                                                      :
EATON VANCE CORPORATION, EATON
VANCE MANAGEMENT, EATON VANCE               :
INVESTMENT COMMITTEE, and DOES 1-30,
inclusive,                                                 :

                        Defendants.                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING
CLASS ONLY FOR SETTLEMENT PURPOSES, APPROVING PROCEDURE
AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

        This matter having come before the Court on Plaintiff's Motion for preliminary

approval (the "Motion For Preliminary Approval") of a proposed class action settlement of the

above-captioned action (the "Action") between Plaintiff Shannon Price ("Plaintiff"), individually

and on behalf of a class of participants in the Eaton Vance Profit Sharing and Savings Plan (the

"Plan"), and Defendants Eaton Vance Corp., Eaton Vance Management, Eaton Vance

Committee, and Does 1-30 (collectively, "Eaton Vance"), as set forth in the Parties' Class Action

Settlement Agreement (the "Settlement Agreement"), and having duly considered the papers and

arguments of counsel, the Court hereby finds and orders as follows:

        1.      The Court has read and considered the Settlement Agreement, including

its Exhibits, and having heard from the Parties hereby preliminarily approves the Settlement

Agreement in its entirety. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.      The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is cause to believe that (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, (iii) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (iv) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and is not a coupon settlement for purposes of 28 U.S.C. § 1712. The Settlement Agreement and this Order, collectively or individually, are not a finding or admission of liability by Defendant or any other party.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(1), and for settlement purposes only, the Court conditionally certifies the proposed Class, consisting of:

> All current and former participants in the Plan who carried a positive account balance at any time during the Class Period.

The Class Period is the time period from October 5, 2012 to the date that this Court enters an order finally approving the Settlement Agreement (the "Final Approval Order"), inclusive. Excluded from the Class are Eaton Vance Corp., Eaton Vance Management, Eaton Vance Investment Committee, and the members of the Eaton Vance Investment Committee during the Class Period.

4.      For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiff Shannon Price as Class Representative.

5.     For settlement purposes only, the Court hereby preliminarily approves the appointment of Sanford Heisler Sharp, LLP as Class Counsel.

6.     On September 23, 2019 at 2:00 p.m. or at such other date and time later set by Court Order, in courtroom 18 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 this Court will hold a hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiff, should be granted, and in what amount.  No later than fourteen (14) days prior to Objection Deadline, Class Counsel shall file an application for attorneys' fees and expenses (to which Defendant may, but is not required to, file a response), and the Incentive Award to the Class Representative. No later than Monday, September 9, 2019, Plaintiff shall file papers in support of final approval of the Settlement Agreement and in response to any written objections.  Defendant may (but is not required to) file papers in support of final approval of the Settlement Agreement, so long as they do so no later than Monday, September 9, 2019.

7.     Pursuant to the Settlement Agreement, Analytics LLC is hereby appointed the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.  Analytics LLC is additionally appointed the Escrow Agent and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

8.     The Court approves the proposed Notice as a means of giving direct notice to Class Members by mail and establishing a Settlement Website, as more fully described in the Settlement Agreement.  The Notice, in form, method, and content, complies with the

3

requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. No later than thirty (30) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Website to be published on the Internet. No later than thirty (30) calendar days following the entry of this Preliminary Approval Order and in accordance with the terms of the Settlement Agreement, the Settlement Administrator shall disseminate the Notice that is Exhibit B to the Settlement Agreement via first class mail to the Class Members and the Former Participant Rollover Form that is Exhibit A to the Settlement Agreement via first class mail to Class Members that are Former Participants of the Plan.

9. Any Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections must be filed with the Court and be mailed or otherwise delivered to Class Counsel and Defendant's Counsel by sixty (60) days after the Settlement Class Notice is first sent to the Settlement Class (The "Objection Deadline"). Any Class Member represented by counsel must file their objection through the Court's CM/ECF system and need not separately mail a copy to Class Counsel or Defendant's Counsel. A Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her, or its comment to be considered by the Court. All objections from Class Members must include in the written objection his, her, or its name and address; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); state that he, she, or it is a Class Member; provide his, her, or its name and address; provide a physical signature by the Person; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing with or without counsel. Plaintiff or

Defendant or both may take any objector's deposition or request documents from any objector regarding the matter, subject to Court approval.

10.     Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

11.     Each Class Member and his or her respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims.  Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, Released Parties, or the Plan.

12.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any

5

liability, responsibility, fault, wrongdoing, or otherwise of the Parties or a Released Party.

Defendants have denied and continues to deny the claims asserted by Plaintiff. Nothing

contained herein shall be construed to prevent the Parties from offering the Settlement

Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

13.     The certification of the Settlement Class shall be binding only with respect

to the settlement of the Action. In the event that the Settlement Agreement is terminated

pursuant to its terms or is not approved in all material respects by the Court, or such approval is

reversed, vacated, or modified in any material respect by this or any other court, the certification

of the Class shall be deemed vacated, the Class will be automatically decertified, and the Action

shall proceed as if the Class had never been certified, Defendants' right to oppose a later motion

for class certification, if any will be unimpaired by this Order and related proceedings; and no

reference to the Class, the Settlement Agreement, or any documents, communications, or

negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED** this _22_ day of _May_ , 2019.

_William G. Young_
William G. Young
United States District Judge