UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
SHANNON PRICE, Individually and on Behalf of : 
All Others Similarly Situated and On Behalf of the
EATON VANCE PROFIT SHARING AND :
SAVINGS PLAN,
                                             :
                Plaintiff,                          Civil Action
                                             :     No. 18-12098-WGY
     v.
                                             :
EATON VANCE CORPORATION, EATON
VANCE MANAGEMENT, EATON VANCE :
INVESTMENT COMMITTEE, and DOES 1-30,
inclusive,                                    :

              Defendants.          :
------------------------------------- x

## [PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT

This matter having come before the Court on Plaintiff's Motion for final approval (the "Motion For Final Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff Shannon Price ("Plaintiff"), individually and on behalf of a class of participants in the Eaton Vance Profit Sharing and Savings Plan (the "Plan"), and Defendants Eaton Vance Corp., Eaton Vance Management, Eaton Vance Committee, and Does 1-30 (collectively, "Defendants," or "Eaton Vance," and together with Plaintiff, the "Parties"), as set forth in the Parties' Class Action Settlement Agreement (the "Settlement Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

WHEREAS, Plaintiff on her own behalf and on behalf of the Class and the Plan, on the one hand, and Defendants on the other hand, have entered into a Settlement Agreement dated May 17, 2019, (the "Settlement Agreement," Dkt. No. 41-6), that provides for a complete

dismissal with prejudice of all claims asserted in the Action against Defendants by the Class on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court;

WHEREAS, the capitalized terms not defined in this Final Approval Order have the same meaning ascribed to them in the Settlement Agreement;

WHEREAS, by Order dated May 22, 2019 (the "Preliminary Approval Order," Dkt. No. 45), this Court (1) preliminarily approved the Settlement; (2) conditionally certified a Class for purposes of settlement only under Federal Rule of Civil Procedure 23(b)(1); (3) preliminarily approved the appointment of Plaintiff as Class Representative; (4) preliminarily approved the appointment of Sanford Heisler Sharp, LLP as Class Counsel; (5) directed notice be given to the Class and approved the form and manner of Notice; and (6) scheduled a Fairness Hearing;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on September 23, 2019 (the "Fairness Hearing") to consider, among other things, (1) whether the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (2) whether Class Counsel's application for Attorneys' Fees is reasonable and should be approved; (3) whether Plaintiff's request for a Service Award is reasonable and should be approved; and (4) whether this Final Approval Order should be entered dismissing with prejudice all claims asserted in the Action against Defendants; and

WHEREAS, the Court having reviewed and considered the Agreement, all papers filed and proceedings held herein in this Action in connection with the Settlement, all oral and

written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement Agreement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. This Final Approval Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on May 17, 2019 (Dkt. No. 41-6); and (b) the Notice (Dkt. No. 32-1) approved by the Court in its Preliminary Approval Order of May 22, 2019 (Dkt. No. 45).

3. The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of the Settlement Agreement (including the releases provided for therein), of their right to object to the Settlement and appear at the Fairness Hearing, of Class Counsel's application for Attorneys' Fees, and of Plaintiff's request for a Service Award; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement Agreement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

4. The Court finds that no Class Members filed objections to the Settlement.

5. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement Agreement in all respects including, without limitation, the terms of the Settlement Agreement; the releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiff and the Class Members. The Parties are directed to implement, perform, and consummate the terms and provisions of the Settlement Agreement.

6. Pursuant to Federal Rule of Civil Procedure 23(b)(1), and for settlement purposes only, the Court grants final certification of the Class, consisting of:

> All current and former participants in the Plan who carried a positive account balance at any time during the Class Period.

The Class Period is the time period from October 5, 2012 to the date of this Order, inclusive. Excluded from the Class are Eaton Vance Corp., Eaton Vance Management, Eaton Vance Investment Committee, and the members of the Eaton Vance Investment Committee during the Class Period.

7. For settlement purposes only, the Court hereby grants final approval of the appointment of Plaintiff Shannon Price as Class Representative.

8. For settlement purposes only, the Court hereby grants final approval of the appointment of Sanford Heisler Sharp, LLP as Class Counsel.

9. As of the Effective Date, pursuant to Federal Rule of Civil Procedure 54(b), all of the claims asserted in this Action against Defendants are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Agreement.

10. The terms of the Agreement and of this Final Approval Order shall be forever binding on Plaintiff, Defendants, and all Class Members, as well as their respective current and former beneficiaries, heirs, descendants, dependents, administrators, executors, representatives, predecessors, successors, and assigns.

11. The releases set forth in the Settlement Agreement (the "Releases"), are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Approval Order. Accordingly, the Court orders that, as of that date:

(a) Plaintiffs and each Class Member (on behalf of themselves, their current and former beneficiaries, heirs, descendants, dependents, administrators, executors, representatives, predecessors, successors, and assigns), and the Plan (by and through the Independent Fiduciary), shall be deemed to have, and by operation of law and of this Final Approval Order shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all Released Claims, including any and all claims for monetary, injunctive, and all other relief against the Defendant Released Parties through the date the Court enters the Final Approval Order: (i) that were asserted in the Action or that arise out of, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, or occurrences asserted in the Action, whether or not pleaded in the Complaint, including but not limited to those that arise out of, are based on, or have any connection with: (A) the selection, retention, and monitoring of the Plan's investment options and service providers, (B) the performance, fees, and other characteristics of the Plan's investment options and their specific share classes, (C) the Plan's fees and expenses, including without limitation fees and expenses associated with the provision of recordkeeping and subadvisory services, (D)

the nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries, and (E) the approval by the Independent Fiduciary of the Settlement Agreement; (ii) that would be barred by res judicata based on this Court's entry of the Final Approval Order; (iii) that arise from the direction to calculate, the calculation of, and/or the method or manner of the allocation of the Net Settlement Fund pursuant to the Plan Of Allocation; or (iv) that arise from the approval by the Independent Fiduciary of the Settlement Agreement. Notwithstanding anything herein, claims to enforce the Settlement Agreement shall not be included in the definition of Released Claims.

(b) The Company (on behalf of itself and any successors-in-interest) shall be deemed to have, and by operation of law and of this Final Approval Order shall have fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of Plaintiff, the Plan, the Class, and Class Counsel from any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees and costs, whether under local, state or federal law, whether by statute, contract, common law or equity, whether brought in an individual, representative or any other capacity, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, arising from the pursuit of the Action, as more fully set forth in the Settlement Agreement.

12. The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the claims asserted in the Action.

13. This Final Approval Order, the Preliminary Approval Order, the Settlement Agreement, including the exhibits thereto, the negotiations that led to the agreement-in-principle reached by the Parties, the negotiation of the Agreement and its exhibits, and any papers submitted in support of approval of the Settlement Agreement, and any proceedings taken pursuant to or in connection with the Settlement Agreement, including any arguments proffered in connection therewith: (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any of the Defendant Released Parties of wrongdoing or liability in the Action or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Agreement, whether affirmatively or defensively; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiff, the Plan, or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable; and (e) shall not be construed or used as an admission, concession, declaration or waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement Agreement is terminated.  This Final Approval Order and the Settlement Agreement and any proceedings taken pursuant to the Agreement are for settlement purposes only.

14. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement Agreement; (b) the disposition of the Settlement Fund; (c) Class Counsel's application for Attorneys' Fees and

Plaintiff's request for a Service Award; and (d) the Class Members for all matters relating to the Action.

15. A separate order shall be entered on Class Counsel's application for Attorneys' Fees and Plaintiff's request for a Service Award. Such order shall in no way affect or delay the finality of this Final Approval Order and shall not affect or delay the Effective Date of the Settlement.

16. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto that: (a) are not materially inconsistent with this Final Approval Order; and (b) do not materially limit the rights of Class Members in connection with the Settlement Agreement.

17. If the Settlement Agreement does not go into effect or is terminated as provided for therein, then this Final Approval Order (and any orders of the Court relating to the Settlement Agreement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

18. This case is hereby dismissed with prejudice.

**IT IS SO ORDERED** this 24TH day of Sept., 2019.

_William G. Young_
William G. Young
United States District Judge